UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELVIN JENKINS,

        Plaintiff,

vs.

        Case No. 15-CV-12126
        HON. GEORGE CARAM STEEH
        MAG. JUDGE ELIZABETH STAFFORD

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 22]

     Pro se plaintiff Kelvin Jenkins challenges defendant Commissioner of Social Security's denial of his claim for social security disability benefits. Before the court is defendant's motion for summary judgment, which was referred to the magistrate judge for a report and recommendation. Although plaintiff did not file a formal cross-motion for summary judgment, plaintiff did submit a filing identified as "additional information," and medical records (Doc. 9, 17), which have been considered. On July 22, 2016, Magistrate Judge Stafford issued a report recommending that defendant's motion for summary judgment be granted. The court has reviewed the file, record, and magistrate judge's report and recommendation. Plaintiff has filed objections to that report which this court has duly considered. For the reasons set forth below, this court shall accept and adopt the magistrate judge's report.

     The facts of this case are set forth in the magistrate judge's report and recommendation and upon review of the record, the court accepts the recitation of the

facts set forth there as the factual findings of this court.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## ANALYSIS

The Commissioner argues that the court should not consider plaintiff's objections on the merits as they are merely recitations of the identical arguments that were before the magistrate judge and fail to identify any specific errors in the magistrate judge's proposed recommendations. *See Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008); *Owens v. Comm'r of Soc. Sec.*, No. 1:12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013). Indeed, the magistrate judge's order advised plaintiff that each objection "must specify precisely the provision of this Report and Recommendation to which it pertains." *See* Fed. R. Civ. P. 72(b). Plaintiff has not

done so here.  Instead, plaintiff's "objections" consist of a statement of his alleged disability.  Specifically, he states:

> I am very depressed due to all my illnesses[.] I'm not able to function in a full life[.] The dizz[i]ness, bumping into walls, my sugar constantly elevating and dropping every day.  Shaking.  Sweating.  [R]apid heartbeat, [t]he high blood pressure, I have to lay down [b]efore I fall out[.] I have to get somebody [to] help me to make my meals.  I'm very restricted of doing mobile things.

(Doc. 23).  Although plaintiff has not complied with the rules for filing a proper objection, the court does not hold pro se filings to the same stringent standard as formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Even considering plaintiff's objection on the merits, however, substantial evidence supports the Commissioner's decision, and plaintiff's objections shall be overruled.

The record is clear that the Administrative Law Judge ("ALJ") considered all of the above stated impairments and found them not to be credible nor supported by medical evidence.  The ALJ found that all of plaintiff's alleged impairments, as reiterated in plaintiff's objections now before the court, were not fully credible in light of evidence that plaintiff was living by himself, preparing his own meals, doing laundry, going shopping, driving to the store and to medical appointments, and taking care of his own personal needs.  "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  An ALJ's finding concerning the credibility of an applicant is entitled to great weight and deference.  *Id.*

The ALJ's determination, in this case, that the overall weight of the evidence was

inconsistent with plaintiff's allegations of his limitations is supported by the record. Substantial medical evidence supports the ALJ's conclusion that plaintiff was not disabled because he did not have a listed impairment, and although he could no longer perform his past relevant work as a truck driver or general laborer, there were a significant number of other jobs in the national economy, including sorter, inspector, and hand packager, that plaintiff could do.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 22).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Doc. 21) is GRANTED, plaintiff's objections (Doc. 23) are OVERRULED, and plaintiff's claim is DISMISSED with prejudice.

Dated:  August 16, 2016

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2016, by electronic and/or ordinary mail and also on Kelvin Jenkins, 9000 Isham, Detroit, MI 48213.

s/Barbara Radke
Deputy Clerk